UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMMY MEDINA,

        Plaintiff,

  -vs-

Commissioner of Social Security,

        Defendant.

**14-CV-06103 (MAT)**

**DECISION and ORDER**

---

Timmy Medina ("plaintiff"), represented by counsel, brought this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). On January 22, 2015, that decision was reversed and the case remanded for further proceedings. Doc. 13. On July 27, 2016, the Commissioner issued a fully favorable decision. Doc. 18-3. Thereafter, the Social Security Administration ("SSA") issued a Notice of Award stating that plaintiff was entitled to $61,019.80 in past due benefits. Doc. 11-4. Of that past due amount, $19,261.00 was withheld for attorney fees. Id.

Plaintiff's counsel has now moved for attorney fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"), asking that the Court approve the contingent fee arrangement between plaintiff and his attorney, whereby plaintiff agreed to pay his attorney 25 percent of any past-due benefits payable to him, in exchange for the provision of legal services in this proceeding. Doc. 18.

Plaintiff's counsel requests a fee award of $13,261.00 under Section 406(b), and states that he previously applied for and received $7,300.00 under the Equal Access to Justice Act ("EAJA"). Plaintiff's counsel thus applies for the amount indicated above on the condition that he refund to plaintiff the sum of $7,300.00, the amount previously awarded in EAJA fees, to plaintiff upon receipt.

Defendant filed a response by letter brief dated February 8, 2017, which indicates that the Commissioner does not object to the motion.[1] For the reasons discussed below, plaintiff's counsel's motion is granted.

## II.  Discussion

Section 406(b) provides in relevant part that

> [w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment . . .

42 U.S.C. § 406(b)(1)(A). "The Commissioner's failure to oppose this motion is not dispositive, as '[S]ection 406(b) requires an

---

[1] The Court has received a letter from plaintiff dated January 31, 2017, in which plaintiff argues that counsel's motion should not be granted. Plaintiff contends that the amount requested in attorney fees should be remitted to him instead of paid to his attorney. The Court clarifies, for plaintiff's understanding, that upon issuance of this order his attorney will refund plaintiff the amount of $7,300.00, which was previously awarded to counsel as EAJA fees. The Court notes that it has reviewed the record along with counsel's submissions and, and discussed herein, finds that counsel's fee agreement with plaintiff was fair and reasonable.

affirmative judicial finding that the fee allowed is 'reasonable[.]'" Ewald v. Commissioner of Social Sec., 2008 WL 4104458,*1 n.1 (E.D.N.Y. Sept. 3, 2008) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 807 n.17 (2002)); see also Gisbrecht, 535 U.S. at 807 ("[Section] 406(b) calls for court review of such [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases.") (footnote omitted); id. at 808-09. "Within the 25 percent boundary" established by Congress in § 406(b)(1)(A), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807 (footnote omitted).

Courts reviewing Section 406(b) motions should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. Gisbrecht, 535 U.S. at 808. Other factors properly considered are any instances of misconduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or because minimal effort was expended; and the degree of difficulty of the case. Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

The Court begins its reasonableness analysis with the contingency agreement itself, which is unambiguous. The 25 percent fee for which it provides does not exceed the statutory cap;

moreover, 25 percent is a standard contingency fee for a Social Security case. Ewald, 2008 WL 4104458, at *2 (citing Gisbrecht, 535 U.S. at 803 (noting that "[c]haracteristically . . ., attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits" (internal quotation marks and citation omitted)). There is no suggestion in the record that the fee agreement was the product of fraud or overreaching. Counsel provided effective representation to plaintiff, securing a reversal of the Commissioner's adverse decision and the immediate award of benefits.

Turning next to the amount of the award requested, counsel has established that plaintiff's past-due benefits totaled $61,019.80 and that, from this amount, $19,261.00 was withheld for the payment of attorney fees. Based on plaintiff's counsel's itemization of hours for work performed before the District Court at 39.4 hours, this would result in a *de facto* hourly rate of $336.57. This rate does not represent a "windfall" to counsel. See, e.g., Trupia v. Astrue, 2008 WL 858994, *3-*4 (E.D.N.Y. Mar. 27, 2008) (finding award equivalent to $714.09 per hour not a windfall); Blizzard v. Commissioner of Soc. Sec., 496 F. Supp. 2d 320, 323-24 (S.D.N.Y. 2007) (finding award equivalent to $705.00 per hour not a windfall); Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (finding award equivalent to $891.61 per hour not a windfall).

In sum, the Court finds the 25 percent contingency fee, applied to the correct past-due benefits amounts as set forth in plaintiff's memorandum and supporting exhibits, to be reasonable. The Court directs the Commissioner to remit to plaintiff's counsel $13,261.00, which represents 25 percent of the past-due benefits to plaintiff.

## III. Conclusion

For the foregoing reasons, plaintiff's counsel's motion for attorney fees is granted. Commissioner is directed forthwith to remit to plaintiff's counsel $13,261.00, which represents 25 percent of the past-due benefits to plaintiff. Upon receipt of the fee award, counsel is directed that he refund to plaintiff the sum of $7,300.00, the amount previously awarded as EAJA fees.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     February 21, 2017
           Rochester, New York

-5-